UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JACQUIE DEPETRIS,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>MICHAEL P. DEDMON and<br>DANIEL DEDMON,<br><br>　　　　　　Defendants. | Case No. 5:14-cv-03379-PSG<br><br>**ORDER THAT CASE BE REASSIGNED WITH REPORT AND RECOMMENDATION THAT CASE BE REMANDED** |

　　　　Pending on the court's docket is a notice of removal of an unlawful detainer case that involves a probate dispute over real property.[1]  Defendants Michael P. Dedmon and Daniel Dedmon urge that removal is warranted[2] on the basis of 28 U.S.C. §§ 1441(a) and (b).[3]

---

[1] *See* Docket No. 1.

[2] *See id.* at 3 ("This action is removable to the instant court because it could have been filed in this court pursuant to Title 28 United States Code,§ 1441(a) and/or (b).").

[3] *See* 28 U.S.C. §§ 1441(a), (b).

　　(a) Generally. -- A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

　　(b) Requirements; generally. -- (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such

1

Case No. 5:14-cv-03379-PSG
ORDER THAT CASE BE REASSIGNED WITH REPORT AND RECOMMENDATION THAT CASE BE REMANDED

Defendants are incorrect. Because the court has not obtained the consent of the parties,[4] the case shall be reassigned with the report and recommendation that the case be remanded to state court for lack of subject matter jurisdiction.[5]

First, Defendants are in-state California residents.[6] Because Defendants reside in California, removal of their state court case on the basis of diversity is not an option.[7]

Second, although Defendants suggest that this case may be removed on the basis of federal question jurisdiction, this is not so.[8] Plaintiff Jacquie Depetris' complaint does not, on its face, raise a federal question.[9] Depetris "states a single unlawful detainer claim, which falls outside

---

action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

[4] *See* 28 U.S.C. § 636(c).

[5] This court is ordering reassignment to a district judge because, absent consent of all parties, the undersigned magistrate does not have the authority to make case-dispositive rulings. *See Tripati v. Rison*, 847 F.2d 548, 548-49 (9th Cir. 1988); *see also JPMorgan Chase Bank, Nat. Ass'n v. Chavez*, Case No. 5:11-cv-05129-PSG, 2011 WL 6760349, at *1 n.3 (N.D. Cal. Dec. 5, 2011).

This court is ordering reassignment to a District Judge because, absent consent of all parties, a Magistrate Judge does not have authority to make case-dispositive rulings. *See* 28 U.S.C. § 636(c)(1); *Tripati v. Rison*, 847 F.2d 548, 548–49 (9th Cir. 1988). The Ninth Circuit has left open the question of whether a remand to state court is a "pretrial matter" which may be referred to a magistrate judge for determination pursuant to 28 U.S.C. § 636(b)(1)(A). *See Nasca v. Peoplesoft*, 160 F.3d 578, 580 n.3 (9th Cir. 1998) ("We express no opinion regarding [the magistrate judge's] authority [to remand the case] had the matter been referred under 28 U.S.C. § 636(b)."). It nonetheless appears that all other appellate courts that have addressed the issue have found that remand is not merely a pretrial matter. *See, e.g., In re U.S. Healthcare*, 159 F.3d 142, 145-46 (3d Cir. 1998) (finding that a remand order is the "functional equivalent" of an order of dismissal for purposes of 28 U.S.C. § 636(b)(1)(A)). Accordingly, out of an abundance of caution, the court proceeds by way of a recommendation and reassignment order.

[6] *See* Docket Nos. 1, 1-1, 1-2 and 1-3 (suggesting that Defendants are California residents).

[7] *See* 28 U.S.C. § 1441(b)(2) ("(2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."); *Contreras v. MTC Fin. Inc.*, Case No. 5:10-cv-05836-LHK, 2010 WL 5441950, at *1 (N.D. Cal. Dec. 28, 2010) (Pursuant "to 28 U.S.C. § 1441(b), a defendant who is a state resident cannot remove based on diversity to a federal court in his state of residence.").

[8] *See supra* note 2.

[9] *See* Docket No. 1-1, Ex. 1.

2
Case No. 5:14-cv-03379-PSG
ORDER THAT CASE BE REASSIGNED WITH REPORT AND RECOMMENDATION THAT CASE BE REMANDED

federal question jurisdiction."[10]  While Defendants have filed a notice of claim of unconstitutionality,[11] Depetris' "complaint does not mention that statute or any other federal law."[12]  Defendants challenge to "the constitutionality of the provisions of California foreclosure and unlawful detainer law" for failing "to provide equal protection of the law afforded in a traditional proceeding in violation of California Constitution [Article] 1, Section 7 and the 14th and 5th Amendments of the United States"[13] Constitution constitutes "either a defense or a counterclaim, neither of which would provide a basis for federal jurisdiction."[14]

In sum, because removal was not warranted and subject matter jurisdiction is absent, the undersigned recommends the case be remanded.[15]

---

[10] *Aurora Loan Servs., LLC v. Trevor*, Case No. 11-cv-07279-MMM-JCGX, 2011 WL 6178828, at *4 (C.D. Cal. Dec. 12, 2011) (citing *IndyMac Federal Bank, F.S.B. v. Ocampo,* Case No. ED-09 cv-2337-PA-DTBx, 2010 WL 234828, *2 (C.D. Cal. Jan. 13, 2010) (remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim); *U.S. Bank NA v. Lopez,* Case No. 5:09-cv-05985-HRL, 2009 WL 5218006, *1 (N.D. Cal. Dec. 31, 2009) (same); *Galileo Financial v. Miin Sun Park,* Case No. ED-09-cv-1660-PSG, 2009 WL 3157411, *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law.  Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists")).

[11] *See* Docket No. 3.

[12] *Aurora Loan Servs.*, 2011 WL 6178828, at *4.

[13] Docket No. 3 at 1.

[14] *Aurora Loan Servs.*, 2011 WL 6178828, at *4 (citing *Pacifca L. Sixteen, LLC v. Lopez*, Case No. 1:11-cv-01342-AWI-SKO, 2011 WL 4375007, at *2–3 (E.D. Cal. Sept. 19, 2011) (allegations that plaintiff had violated the Fair Debt Collection Practices Act was a defense, and did not provide federal question jurisdiction in an unlawful detainer action); *Wertz v. Baltakian*, Case No. 10-cv-7730-CAS-JCx, 2010 WL 4795376, at *1 (C.D. Cal. Nov. 16, 2010) (same); *GMAC Mortg. v. Amaya*, Case No. 4:10-03665-SBA, 2010 WL 4924760, at *1 (N.D. Cal. Nov.8, 2010) ("Here, Defendants' notice of removal alleges that Plaintiff brings claims in the state court action under the Fair Debt Collections Practices Act and the Truth in Lending Act.  That is simply incorrect.  Plaintiff's complaint is solely for unlawful detainer and does not assert any federal cause of action; in fact, the complaint makes no mention of any federal statute" (citations omitted))).

[15] The court recommends that Defendants' application to proceed in forma pauperis be DENIED-AS-MOOT.  Because the supporting declaration to the existing application is incomplete, the application, as it stands, should not in any event be granted.  For example, Defendants do not detail any of their monthly expenses.  *See* Docket No. 2 at 3.

3
Case No. 5:14-cv-03379-PSG
ORDER THAT CASE BE REASSIGNED WITH REPORT AND RECOMMENDATION THAT CASE BE REMANDED

**IT IS SO ORDERED.**

Dated: July 28, 2014

_____
PAUL S. GREWAL
United States Magistrate Judge